Dismissed and Memorandum Opinion filed July 19, 2007








Dismissed
and Memorandum Opinion filed July 19, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00454-CR

NO. 14-07-00455-CR

NO. 14-07-00456-CR

____________

 

VERNON BROUSSARD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
184th District Court

Harris County, Texas

Trial Court Cause Nos.1047855,
1047856 & 1047857 

 



 

M E M O R A N D U M   O P I N I O N

Appellant
entered guilty pleas to three charges of aggravated robbery with a deadly
weapon.  In accordance with the terms of plea bargain agreements with the State
to cap punishment at confinement for thirty years, the trial court sentenced
appellant on May 24, 2007, to confinement for twenty years in the Institutional
Division of the Texas Department of Criminal Justice in each case, with the
sentences to be served concurrently.  Appellant filed a written notice of
appeal in each case.  We dismiss the appeals.  








The
trial court entered a certification of the defendant=s right to appeal in each case in
which the court certified that each is a plea bargain case, and the defendant
has no right of appeal.  See Tex.
R. App. P. 25.2(a)(2).  The trial court=s certifications are included in the
records on appeal.  See Tex. R.
App. P. 25.2(d).  The records support the trial court=s certifications.  See Dears v.
State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).  

An
agreement that places a cap on punishment is a plea bargain for purposes of
Texas Rule of Appellate Procedure 25.2(a)(2).  Waters v. State, 124
S.W.3d 825, 826-27 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (holding reviewing court lacked
jurisdiction where defendant pled guilty with a sentencing cap of ten years,
even thought trial judge mistakenly certified defendant had right of appeal);  Threadgill
v. State, 120 S.W.3d 871, 872 (Tex. App.CHouston [1st Dist.] 2003, no. pet.)
(holding statement in record indicating that there was no agreed recommendation
did not convert proceeding into an open plea where plea was entered pursuant to
agreed sentencing cap);  see also Shankle v. State, 119 S.W.3d 808, 813
(Tex. Crim. App. 2003) (stating sentence-bargaining may be for recommendations
to the court on sentences, including a recommended Acap@ on sentencing). 

Accordingly,
we dismiss the appeals.  

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed July
19, 2007.

Panel consists of Chief Justice Hedges and Justices
Hudson and Guzman. 

Do Not Publish C Tex. R. App. P.
47.2(b).