**Dismissed and Memorandum Opinion filed November 3, 2011.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-11-00030-CR

_____

**MELISSA KIM MENKES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1217072**

## MEMORANDUM OPINION

Appellant entered a plea of guilty to injury to a child causing serious bodily injury. Appellant and the State agreed that appellant's punishment would not exceed confinement in prison for more than forty years. In accordance with the terms of this agreement with the State, the trial court sentenced appellant on January 6, 2011, to confinement for forty years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely, written notice of appeal.

Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). As of this date, no pro se response has been filed. We have reviewed the record and counsel's brief. We find that we lack jurisdiction over the appeal.

Although the trial court mistakenly entered a certification of the defendant's right to appeal in which the court certified that this is not a plea bargain case and the defendant has the right of appeal, we have no jurisdiction over the appeal. *See* Tex. R. App. P. 25.2(a)(2). An agreement that places a cap on punishment is a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). *Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding reviewing court lacked jurisdiction where defendant pled guilty with a sentencing cap of ten years, even though trial judge mistakenly certified defendant had right of appeal); *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no. pet.) (holding statement in record indicating that there was no agreed recommendation did not convert proceeding into an open plea where plea was entered pursuant to agreed sentencing cap); *see also Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating sentence-bargaining may be for recommendations to the court on sentences, including a recommended "cap" on sentencing).

Because appellant's plea was made pursuant to a plea bargain, she may appeal only matters raised by a written pre-trial motion or with the trial court's permission. *See* Tex. R. App. P. 25.2(a)(2). The trial court's erroneous certification that the case is not a plea bargain case does not constitute permission to appeal. *See Waters*, 124 S.W.3d at 826–27. Appellant does not challenge any pre-trial rulings.

Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Frost, Seymore, and Jamison.

Do Not Publish — Tex. R. App. P. 47.2(b).