**Bryan Douglas THREADGILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–03–00288–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 9, 2003.

David R. Bires, Houston, for appellant.

William J. Delmore, III, Chief Prosecutor, Appellate Division, Charles A. Rosenthal, Jr., District Attorney, Harris County, Houston, for appellee.

Panel consists of Justices HEDGES, NUCHIA, and HIGLEY.

## OPINION

PER CURIAM.

The trial court's certification of the defendant's right of appeal in the above-referenced case reads, "the defendant has

no right of appeal because he pled guilty or no contest pursuant to a plea bargain." According to the record, this is correct.

■ Appellant pleaded guilty to aggravated sexual assault. The plea agreement was a 20–year cap on punishment. The trial court sentenced appellant to confinement for 15 years. Other courts of appeals have held that an agreement to a punishment cap is a plea agreement within the meaning of Rule 25.2 of the Texas Rules of Appellate Procedure. *Carlton v. State*, 91 S.W.3d 363, 364 (Tex.App.-Texarkana 2002, no pet.) (holding agreed cap on punishment limited appellate court's jurisdiction under former Rule 25.2(b)(3)); *Lemoins v. State*, 37 S.W.3d 556, 557–59 (Tex.App.-Beaumont 2001, no pet.) (same); *Delatorre v. State*, 957 S.W.2d 145, 148–49 (Tex.App.-Austin 1997, pet. ref'd) (holding State's recommendation need not be finite period for plea agreement to be valid and comply with former Rule 40(b)(1)); Tex. R.App. P. 25.2(a)(2). Significantly, former Rules 40(b)(1)[1] and 25.2(b)(3)[2] and amended Rule 25.2(a)(2) that governs this appeal all define a plea-bargained case as one in which the defendant pleaded guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. This case falls squarely within that definition. Appellant pleaded guilty and agreed to the State's recommended punishment cap of 20 years; the punishment assessed by the trial court did not exceed it. This was therefore a plea-bargained case within the meaning of Rule 25.2(a)(2).

We note that both the clerk's record and the reporter's record state in various places that this plea was "without a recommendation" or "without an agreed recommendation." Nevertheless, both also reflect that the parties agreed to a punishment cap of 20 years. For example, the trial court admonished appellant at the plea hearing,

As I understand additionally everybody has agreed that instead of the range of punishment being five years in the penitentiary to life, that in your case the range of punishment is going to be five years in the penitentiary to no more than 20 years in the penitentiary. That is to say there is going to be a cap of 20 years in your case.

The cap was also written in the plea papers and the court's judgment. We hold that anything in the record indicating that there was no agreed recommendation did not convert this proceeding into an open plea. The Beaumont Court of Appeals was faced with a similar situation in *Lemoins*, 37 S.W.3d at 557–59, and reached the same conclusion.

■ We further note that appellant filed a motion for new trial that the trial court denied after a hearing. At the conclusion of the hearing, appellant's counsel requested that the court grant permission to appeal the denial of the motion for new trial and that she file a certification to that effect. The court replied, "But I didn't give permission to appeal, and I don't give permission to appeal." Therefore, appellant may not appeal the denial of his motion for new trial. *See Morfin v. State*, 34 S.W.3d 664, 668 (Tex.App.-San Antonio 2000, no pet.); *McCowan v. State*, 961 S.W.2d 24, 26 (Tex.App.-Dallas 1996, no pet.).

On July 24, 2003, we notified the parties by written order that this appeal would be dismissed unless an amended certification from the trial court, showing that appellant had the right to appeal, was made

---

1. Tex.R.App. P. 40(b)(1), 707–708 S.W.2d (Texas Cases) XXIX, LII III (Tex.Crim.App.1986 (revised effective Sept. 1, 1997)).

2. Tex.R.App. P. 25.2(b)(3), 948–949 S.W.2d (Texas Cases) LXI, XCVI (Tex.Crim.App.1997) (amended effective Jan. 1, 2003).

part of the appellate record no later than August 22, 2003.[3]  No amended certification was filed.

Accordingly, we dismiss the appeal for lack of jurisdiction.

---

**3.** An appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record. TEX.R.APP. P. 25.2(d).