Opinion issued February 5, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00115-CR




AKINTOLA ALABI AJAGBE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 905219




O P I N I O N

          Appellant, Akintola Alabi Ajagbe, pleaded guilty to the offense of aggregate
theft of over twenty thousand and under one hundred thousand dollars with an
agreement of a punishment cap of six years. The trial court sentenced appellant to
confinement for six years. Timely notices of appeal were filed. We dismiss for lack
of jurisdiction.
          Rule 25.2(a)(2) of the Rules of Appellate Procedure provides that, in a plea-bargained case in which the punishment assessed does not exceed the plea agreement,
a defendant may appeal only those matters that were raised by written motion filed
and ruled on before trial, or after obtaining the trial court’s permission to appeal. 
Tex. R. App. P. 25.2(a)(2). An agreement to a punishment cap is a plea agreement
within the meaning of Rule 25.2(a)(2). Threadgill v. State, 120 S.W.3d 871, 872
(Tex. App.—Houston [1st Dist.] 2003, no pet.).
          On the form for the trial court’s certification of appellant’s right to appeal, the
trial court checked the box certifying that this criminal case “is not a plea-bargain
case, and the defendant has the right to appeal.” Nevertheless, the Rule 25.2
requirements recited in a certification must be true and supported by the record. 
Waters v. State, No. 14-03-00183-CR, slip op. at 2 (Tex. App—Houston [14th Dist.]
Dec. 9., 2003, rule 10.5(b) motion filed) (designated for publication). Appellant,
therefore, could appeal only (1) matters raised by written motion filed and ruled on
before trial, or (2) with the trial court’s permission. See Tex. R. App. P. 25.2(a)(2);
Waters, No. 14-03-00183-CR, slip op. at 2.
 
          Neither the record, nor the trial court’s certification reflect that appellant had
the trial court’s permission to appeal. See id. Additionally, appellant does not seek
to appeal a matter raised by written motion and ruled upon before trial. Accordingly,
we have no jurisdiction over an appeal of appellant’s conviction.
          We dismiss appellant’s appeal for lack of jurisdiction.
 

                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Justices Nuchia, Alcala, and Hanks.
Publish. Tex. R. App. P. 47.4(a).