Opinion issued February 26, 2004




 













In The
Court of Appeals
For The
First District of Texas
 

 
 
                                              NOS. 01-03-00496-CR
                                                        01-03-00497-CR
___________
 
ALLEN LLOYD CARPENTER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause Nos. 893845 and 915974
 

 

MEMORANDUM OPINION

          Appellant, Allen Lloyd Carpenter, pleaded guilty to two separate first degree
felony offenses of aggravated sexual assault of a child.


 Appellant reached a plea
agreement, in which the State agreed to a punishment “cap” not to exceed
confinement for 10 years. Following a bench trial on punishment, the trial court
assessed appellant’s punishment at confinement for 10 years in each case, with the
sentences to run concurrently.
          In two points of error applicable to each case, appellant contends that, at the
punishment stage of trial, the trial court erred in admitting (1) testimony from a sexual
assault counselor that, in her opinion, it was in the complainant’s best interest for
appellant to be incarcerated and (2) a “self-esteem questionnaire” that the
complainant had completed.
          Because of appellant’s agreement with the State to a punishment cap, we must
initially address whether we have jurisdiction over these appeals.
Jurisdiction
          Rule 25.2 of the Texas Rules of Appellate Procedure reads, in part, as follows:
In a plea bargain case—that is, a case in which a defendant’s plea is
guilty or nolo contendere and the punishment did not exceed the
punishment recommended by the prosecutor and agreed to by the
defendant—a defendant may appeal only:
 
(A)those matters that were raised by written motion filed and ruled
on before trial, or
 
(B)after getting the trial court’s permission to appeal.

Tex. R. App. P. 25.2(a)(2). Neither of these appeals raise issues presented in written
motions filed and ruled on before trial.
          In each of these cases, the trial court signed a certification of appellant’s right
of appeal, which states: “I, Judge of the trial court, certify this criminal case is not a
plea-bargain case, and the defendant has the right of appeal.” However, the record
indicates that, in each case, appellant signed a “Waiver of Constitutional Rights,
Agreement to Stipulate, and Judicial Confession” that memorialized appellant’s
decision to enter a guilty plea. These waivers also indicate that, with respect to a
punishment recommendation, the State agreed to “No agreed recommendation w/a
PSI cap of 10 years.” As a part of these waivers, appellant agreed to “waive any right
of appeal which I may have should the court accept the foregoing plea bargain
agreement.”



          Nothing in the records of these cases indicates that appellant withdrew his
guilty plea or that the State withdrew its agreement to seek punishment of
confinement for no more than 10 years. In fact, the purpose of the bench trial at the
punishment stage was largely to determine whether appellant would be sentenced to
confinement in prison for terms of no more than 10 years each or be placed on
community supervision for these offenses.



          We have previously held that an agreement to a punishment cap constitutes a
plea agreement within the meaning of Rule 25.2 of the Texas Rules of Appellate
Procedure. Threadgill v. State, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.]
2003, no pet.) (applying Rule 25.2’s definition of “plea-bargain case”). Here, the
punishments imposed by the trial court did not exceed the punishment caps
recommended by the State and agreed to by appellant. Thus, we hold that these cases
were plea-bargained cases. See Shankle v. State, 119 S.W.3d 808, 813 (Tex. Crim.
App. 2003).
          We note that, in each case, both the judgment and the certification of
appellant’s right of appeal incorrectly indicate that these were not plea-bargained
cases. However, the records clearly memorialize the agreements between appellant
and the State to a punishment cap in each case. Notations in the record that are
inconsistent with the parties’ agreement will not convert a plea-bargained case into
an open plea, absent some affirmative showing that the plea agreement was actually
withdrawn. Threadgill, 120 S.W.3d at 872 (holding that “anything in the record
indicating that there was no agreed recommendation did not convert this proceeding
into an open plea.”); see Waters v. State, No. 14-03-00183-CR, slip op. at 2 (Tex.
App—Houston [14th Dist.] Dec. 9, 2003, no pet. h.) (holding that Rule 25.2
requirements recited in certification of appeal must be true and supported by record).
          Accordingly, in the absence of certifications from the trial court indicating that
appellant was given the trial court’s permission to appeal these cases, we must
dismiss these appeals for lack of jurisdiction.



                                                                        Terry Jennings
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Jennings and Higley.

Do not publish. Tex. R. App. P. 47.2(b).