In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00805-CR
____________

VICTOR LINO SUAREZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 958579



 
MEMORANDUM OPINION
          Appellant, Victor Lino Suarez, pleaded guilty to aggravated robbery. After a
presentence investigation report was filed, the trial court sentenced appellant to 15 years’
confinement. The trial court’s original certification of defendant’s right of appeal
indicated that this “is not a plea-bargain case, and the defendant has the right of appeal.” 
However, the record in the case contained several inconsistencies indicating that this was,
in fact, a plea-bargained case.


 
          To resolve the inconsistencies between the record and the certification of
appellant’s right to appeal, we abated the appeal on November 3, 2005, and remanded the
case to the trial court for the court to (1) make a finding of fact regarding whether this
was, or was not, a plea-bargained case, and (2) if this was a plea-bargained case, to
prepare and file an amended certification of appellant’s right to appeal. See Dears v.
State, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005). 
          On November 9, 2005, the trial court prepared an amended certification of
defendant’s right to appeal, which indicated that the case was, in fact, a plea-bargained
case, and the defendant has no right of appeal.
          Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure provides that, in a
plea-bargained case in which the punishment assessed does not exceed the plea
agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court’s permission
to appeal. Tex. R. App. P. 25.2(a)(2). We held in Threadgill v. State, 120 S.W.3d
871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.), that an agreement to a
punishment cap is a plea agreement within the meaning of Rule 25.2(a)(2). The
Fourteenth Court of Appeals held likewise in Waters v. State, 124 S.W.3d 825, 826
(Tex. App.—Houston [14th Dist.] 2003, no pet. reported).
               The trial court’s amended certification of appellant’s right to appeal states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the certification. We must dismiss an appeal if the trial court’s certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).
               Accordingly, we dismiss the appeal for lack of jurisdiction.
PER CURIAM
Panel consists of Chief Justice Radack and Justices Jennings and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).