In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-00518-CR
____________

DORIS JEAN BLAKE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the177th District Court 
Harris County, Texas
Trial Court Cause No. 1039354



 
MEMORANDUM OPINION
               Appellant pleaded guilty to the felony offense of theft with an agreement
from the State that his punishment would not exceed confinement for 60 years. The
trial court sentenced appellant to confinement for 50 years. Timely pro se notice of
appeal was filed. We dismiss for lack of jurisdiction.

               Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure provides that, in
a plea-bargained case in which the punishment assessed does not exceed the plea
agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court’s permission
to appeal. Tex. R. App. P. 25.2(a)(2). We held in Threadgill v. State, 120 S.W.3d
871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.), that an agreement to a
punishment cap is a plea agreement within the meaning of Rule 25.2(a)(2). The
Fourteenth Court of Appeals held likewise in Waters v. State, 124 S.W.3d 825, 826
(Tex. App.—Houston [14th Dist.] 2003, no pet.).

               The trial court’s certification of appellant’s right to appeal states that the
defendant has waived the right of appeal. See Buck v. State, 45 S.W.3d 275, 278
(Tex. App.—Houston [1st Dist.] 2001, no pet.). The record supports the certification. 
We must dismiss an appeal if the trial court’s certification shows there is no right to
appeal. See Tex. R. App. P. 25.2(d).

               Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).