In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00970-CR

____________


ALEJANDRO DUQUE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 1052313






MEMORANDUM OPINION

 Appellant, Alejandro Duque, pleaded guilty to the felony offense of aggravated
sexual assault of a child with an agreement from the State that his punishment would
not exceed confinement for 45 years. The trial court sentenced appellant to
confinement for 45 years. We dismiss for lack of jurisdiction.

 In a plea-bargained case in which the punishment assessed does not exceed the
plea agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court's permission
to appeal. Tex. R. App. P. 25.2(a)(2). An agreement to a punishment cap is a plea
agreement within the meaning of Rule 25.2(a)(2). Threadgill v. State, 120 S.W.3d
871, 872 (Tex. App.--Houston [1st Dist.] 2003, no pet.); Waters v. State, 124 S.W.3d
825, 826 (Tex. App.--Houston [14th Dist.] 2003, no pet.).

 Here, the trial court's certification of appellant's right to appeal states that this
is a plea-bargained case and appellant has no right to appeal. The record supports the
certification. We must dismiss an appeal if the trial court's certification shows there
is no right to appeal. Tex. R. App. P. 25.2(d).

 Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Radack, Jennings, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).