Dismissed and Memorandum Opinion filed September 13, 2007








Dismissed
and Memorandum Opinion filed September 13, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00721-CR

NO. 14-07-00722-CR

____________

 

CARLOS JUNIOR BARAGAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
262nd District Court

Harris County, Texas

Trial Court Cause Nos. 957551
& 957550 

 



 

M E M O R A N D U M   O P I N I O N








Appellant
entered a plea of no contest to two offenses of aggravated sexual assault of a
child.  Appellant and the State agreed that appellant=s punishment would not exceed
confinement in prison for more than forty years in each case.  In accordance
with the terms of these agreements with the State, the trial court sentenced
appellant in absentia on November 9, 2006, to confinement in each case for
forty years in the Institutional Division of the Texas Department of Criminal
Justice.  On August 28, 2007, the court sentenced appellant in person to
confinement in each case for forty years in the Institutional Division of the
Texas Department of Criminal Justice, with the sentences to be served
consecutively.  Appellant filed a written notice of appeal in each case.  We
dismiss the appeals.  

Although
the trial court entered a certification of the defendant=s right to appeal in each case
certifying that appellant waived his right of appeal, we have no jurisdiction
over the appeals.  See Tex. R.
App. P. 25.2(a)(2).  An agreement that places a cap on punishment is a
plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2).  Waters
v. State, 124 S.W.3d 825, 826-27 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (holding reviewing court lacked
jurisdiction where defendant pled guilty with a sentencing cap of ten years,
even though trial judge mistakenly certified defendant had right of appeal);  Threadgill
v. State, 120 S.W.3d 871, 872 (Tex. App.CHouston [1st Dist.] 2003, no. pet.)
(holding statement in record indicating that there was no agreed recommendation
did not convert proceeding into an open plea where plea was entered pursuant to
agreed sentencing cap);  see also Shankle v. State, 119 S.W.3d 808, 813
(Tex. Crim. App. 2003) (stating sentence-bargaining may be for recommendations
to the court on sentences, including a recommended Acap@ on sentencing). 

Because
appellant=s pleas were made pursuant to plea bargain agreements, he may appeal only
matters raised by a written pre-trial motion or with the trial court=s permission.  See Tex. R. App. P. 25.2(a)(2).  The
records do not contain any pre-trial rulings on written motions or any
indication that the trial court granted appellant permission to appeal.

Accordingly,
we dismiss the appeals.  

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed
September 13, 2007.

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore.

Do Not Publish C Tex. R. App. P.
47.2(b).