Dismissed and Memorandum Opinion filed April 1, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00425-CR

____________

 

MELVIN LEWIS HAYNES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 240th District Court

Fort Bend County, Texas

Trial Court Cause No. 46537B

 



 

MEMORANDUM
OPINION

Appellant entered a plea of guilty to murder.  Appellant and
the State agreed that appellant’s punishment would not exceed confinement in
prison for more than 45 years.  In accordance with the terms of this agreement
with the State, the trial court sentenced appellant on April 7, 2009, to
confinement for 45 years in the Institutional Division of the Texas Department
of Criminal Justice.  Appellant filed a timely, written notice of appeal. We
dismiss the appeal.  

Although the trial court mistakenly entered a certification
of the defendant’s right to appeal in which the court certified that this is
not a plea bargain case and the defendant has the right of appeal, we have no
jurisdiction over the appeal. See Tex. R. App. P. 25.2(a)(2). An agreement that places a cap on punishment is a
plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2).  Waters
v. State, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet.
ref=d) (holding reviewing court lacked
jurisdiction where defendant pled guilty with a sentencing cap of ten years,
even though trial judge mistakenly certified defendant had right of appeal); Threadgill
v. State, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no.
pet.) (holding statement in record indicating that there was no agreed
recommendation did not convert proceeding into an open plea where plea was
entered pursuant to agreed sentencing cap); see also Shankle v. State,
119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating sentence-bargaining may be
for recommendations to the court on sentences, including a recommended “cap” on
sentencing). 

Because appellant’s plea was made pursuant to a plea bargain,
he may appeal only matters raised by a written pre-trial motion or with the
trial court’s permission. See Tex. R. App. P. 25.2(a)(2).  Appellant does not challenge
any pre-trial rulings.  The trial court’s erroneous certification that the case
is not a plea bargain case does not constitute permission to appeal.  See
Waters, 124 S.W.3d
at 826–27.

Accordingly, we dismiss the appeal.  

 

PER CURIAM

 

Panel consists of Justices
Yates, Seymore, and Brown. 

Do Not Publish — Tex. R. App. P. 47.2(b).