Dismissed and Memorandum Opinion filed April 29, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00232-CR

____________

 

WILLIAM CHRISTOPHER NEVELS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 1230917

 



 

MEMORANDUM
OPINION

Appellant entered a plea of guilty to aggravated robbery
without an agreed recommendation on the length of appellant’s sentence.  Appellant
and the State agreed, however, that appellant’s punishment would not exceed
confinement in prison for more than twenty years.  In accordance with the terms
of this agreement with the State, the trial court sentenced appellant on February
24, 2010, to confinement for fifteen years in the Institutional Division of the
Texas Department of Criminal Justice.  Appellant filed a timely, written notice
of appeal.  We dismiss the appeal.  

Although the trial court entered a certification of the
defendant’s right to appeal in which the court certified that this is not a
plea bargain case and the defendant has the right of appeal, we have no
jurisdiction over the appeal.  See Tex. R. App. P. 25.2(a)(2).  An agreement that places a cap on punishment is
a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2).  Waters
v. State, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet.
ref=d) (holding reviewing court lacked
jurisdiction where defendant pled guilty with a sentencing cap of ten years,
even though trial judge mistakenly certified defendant had right of appeal); Threadgill
v. State, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no.
pet.) (holding statement in record indicating that there was no agreed
recommendation did not convert proceeding into an open plea where plea was
entered pursuant to agreed sentencing cap); see also Shankle v. State,
119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating sentence-bargaining may be
for recommendations to the court on sentences, including a recommended “cap” on
sentencing). 

Because appellant’s plea was made pursuant to a plea bargain,
he may appeal only matters raised by a written pre-trial motion or with the
trial court’s permission.  See Tex. R. App. P. 25.2(a)(2).  The trial court granted
the only pre-trial motion contained in the record.  The trial court’s erroneous
certification that the case is not a plea bargain case does not constitute
permission to appeal.  See Waters, 124 S.W.3d at 826–27.

Accordingly, we dismiss the appeal.  

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Yates and Boyce.

Do Not Publish — Tex. R. App. P. 47.2(b).