Dismissed and Memorandum Opinion filed August 19, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00411-CR

____________

 

ANDRE C. ASHTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 1155550

 



 

MEMORANDUM
OPINION

Appellant entered a plea of guilty to aggravated sexual
assault of a child.  Appellant and the State agreed that appellant’s punishment
would not exceed confinement in prison for more than twenty-five years.  In
accordance with the terms of this agreement with the State, the trial court
sentenced appellant on May 3, 2010, to confinement for twenty years in the
Institutional Division of the Texas Department of Criminal Justice.  Appellant
filed a timely, written notice of appeal. We dismiss the appeal.  

Although the trial court mistakenly entered a certification
of the defendant’s right to appeal in which the court certified that this is
not a plea bargain case and the defendant has the right of appeal, we have no
jurisdiction over the appeal.  See Tex. R. App. P. 25.2(a)(2).  An agreement that places a cap on punishment is
a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2).  Waters
v. State, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet.
ref=d) (holding reviewing court lacked
jurisdiction where defendant pled guilty with a sentencing cap of ten years,
even though trial judge mistakenly certified defendant had right of appeal); Threadgill
v. State, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no.
pet.) (holding statement in record indicating that there was no agreed
recommendation did not convert proceeding into an open plea where plea was
entered pursuant to agreed sentencing cap); see also Shankle v. State,
119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating sentence-bargaining may be
for recommendations to the court on sentences, including a recommended “cap” on
sentencing). 

Because appellant’s plea was made pursuant to a plea bargain,
he may appeal only matters raised by a written pre-trial motion or with the
trial court’s permission.  See Tex. R. App. P. 25.2(a)(2).  The record does not
contain any pre-trial rulings.  The trial court’s erroneous certification that
the case is not a plea bargain case does not constitute permission to appeal.  See
Waters, 124 S.W.3d
at 826–27.

On July 9, 2010, the parties were notified that unless
appellant filed a response on or before July 26, 2010, showing meritorious
grounds for continuing the appeal, it would be dismissed for want of
jurisdiction.  No response was filed.

Accordingly, we dismiss the appeal.  

 

PER CURIAM

 

Panel consists of Justices Seymore,
Boyce, and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).