Dismissed and Memorandum Opinion filed December 23, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00580-CR

NO. 14-10-00581-CR

____________

 

RICHARD GROVER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause Nos. 1253779 &
1228233

 



 

MEMORANDUM
OPINION

Appellant entered a plea of guilty to two counts of
aggravated sexual assault of a child.  Appellant and the State agreed that
appellant’s punishment would not exceed confinement in prison for more than 40
years.  In accordance with the terms of this agreement with the State, the
trial court sentenced appellant on June 22, 2010, to confinement for 40 years
in the Institutional Division of the Texas Department of Criminal Justice, for
each offense.  The trial court ordered the sentences to run concurrently.  Appellant
filed a timely, written notice of appeal.  Although the trial court mistakenly
entered a certification of the defendant’s right to appeal in which the court
certified that this is not a plea bargain case and the defendant has the right
of appeal, we have no jurisdiction over the appeal.  See Tex. R. App.
P. 25.2(a)(2).  An agreement that places
a cap on punishment is a plea bargain for purposes of Texas Rule of Appellate
Procedure 25.2(a)(2).  Waters v. State, 124 S.W.3d 825, 826–27 (Tex.
App.—Houston [14th Dist.] 2003, pet. ref=d) (holding reviewing court lacked
jurisdiction where defendant pled guilty with a sentencing cap of ten years,
even though trial judge mistakenly certified defendant had right of appeal); Threadgill
v. State, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no.
pet.) (holding statement in record indicating that there was no agreed
recommendation did not convert proceeding into an open plea where plea was
entered pursuant to agreed sentencing cap); see also Shankle v. State,
119 S.W.3d 808, 813 (Tex. Crim. App. 2003). 

Because appellant’s plea was made pursuant to a plea bargain,
he may appeal only matters raised by a written pre-trial motion or with the
trial court’s permission. See Tex. R. App. P. 25.2(a)(2).  Appellant is not
appealing any pre-trial rulings.  The trial court’s erroneous certification
that the case is not a plea bargain case does not constitute permission to
appeal.  See Waters, 124 S.W.3d at 826–27.

Accordingly, we dismiss the appeal.  

 

PER CURIAM

 

Panel consists of Justices
Anderson, Frost, and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).