**Dismissed and Memorandum Opinion filed April 17, 2012.**



In The

# Fourteenth Court of Appeals

———————————

NO. 14-12-00189-CR
NO. 14-12-00190-CR

———————————

**JOSE ANTONIO BANDA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause Nos. 1306394 & 1306395**

## M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to two counts of aggravated robbery with a deadly weapon. In both cases, appellant and the State agreed that appellant's punishment would not exceed confinement in prison for more than twenty-five (25) years. In accordance with the terms of this agreement with the State, the trial court sentenced appellant on January 26, 2012, to confinement for twenty (20) years in the Institutional Division of the Texas Department of Criminal Justice in each case. The sentences were ordered to run

concurrently. In both cases, appellant filed a timely, written notice of appeal. We dismiss the appeals.

In both cases, the trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case and the defendant has no right of appeal. Accordingly, we have no jurisdiction over these appeals. *See* Tex. R. App. P. 25.2(a)(2). An agreement that places a cap on punishment is a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). *Waters v. State*, 124 S.W.3d 825, 826-27 (Tex. App. -- Houston [14th Dist.] 2003, pet. ref'd) (holding reviewing court lacked jurisdiction where defendant pled guilty with a sentencing cap of ten years, even though trial judge mistakenly certified defendant had right of appeal); *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.-- Houston [1st Dist.] 2003, no. pet.) (holding statement in record indicating that there was no agreed recommendation did not convert proceeding into an open plea where plea was entered pursuant to agreed sentencing cap); *see also Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating sentence-bargaining may be for recommendations to the court on sentences, including a recommended cap on sentencing).

In each case, because appellant's plea was made pursuant to a plea bargain, he may appeal only matters raised by a written pre-trial motion or with the trial court's permission. *See* Tex. R. App. P. 25.2(a)(2). In both cases the record does not contain any pre-trial rulings and the trial court did not grant permission to appeal.

Accordingly, we dismiss both appeals.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Jamison.
Do Not Publish - Tex. R. App. P. 47.2(b).