COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Jonithan Quinn v. The State of Texas

Appellate case number:    01-12-00432-CR

Trial court case number:  1264043

Trial court:              208th District Court of Harris County

The trial court's certification of appellant's right to appeal in the above-referenced case is inconsistent with the record.

The clerk's record reflects that appellant was charged with the first-degree-felony offense of aggravated sexual assault. The plea papers reflect that, in exchange for appellant's guilty plea, the State moved to reduce the charge to second-degree sexual assault. The trial court's judgment states, "Terms of Plea Bargain: Without an Agreed Recommendation/PSI Hearing—State Reduces From 1st Degree," and reflects that appellant was convicted of second-degree sexual assault.

When, as here, the defendant agrees to plead guilty to a lesser or related offense in exchange for the State refraining from bringing the greater charge, this constitutes a plea bargain under Rule of Appellate Procedure 25.2. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating that "charge bargain" affects punishment); *see e.g.*, *Murillo v. State*, No. 01-08-00871-CR, 2010 WL 2133876, at *3–4 (Tex. App.—Houston [1st Dist.] May 27, 2010, no pet.) (not designated for publication). Other statements in the record, such as "without an agreed recommendation," as here, do not convert the proceeding into an "open plea." *See Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

The trial court's certification of appellant's right to appeal indicates, however, that this is not a plea bargain case and that appellant has the right of appeal.

We must dismiss the appeal unless a certification that is consistent with the record and that shows that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The certification may be amended to correct a defect or omission. *See* TEX. R. APP. P. 37.1; *Dears*, 154 S.W.3d at 614–15.

Accordingly, we direct the trial court to prepare and file an amended certification of appellant's right to appeal that is consistent with the record and complies with Rule 25.2(a)(2),

**including that it must be signed by appellant**. *See* TEX. R. APP. P. 25.2(d). The trial court is directed to cause the amended certification to be included in a supplemental clerk's record and filed in this Court **no later than April 5, 2013**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record that complies with this order is filed in this Court.

It is so ORDERED.


Judge's signature: /s/ Laura C. Higley
        ☑ Acting individually    ☐ Acting for the Court


Date: March 7, 2013