**Dismissed and Memorandum Opinion filed August 21, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00493-CR
_____

**FERNANDO TAVERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 1327989**

## MEMORANDUM  OPINION

Appellant entered a plea of guilty to aggravated robbery with a deadly weapon after the State reduced the initial charge of capital murder. Pursuant to an agreement with the State that appellant's punishment would not exceed confinement for fifty years in prison, on June 16, 2014, the trial court sentenced appellant to confinement for thirty-five years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal. We dismiss the appeal.

An agreement that places a cap on punishment is a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating sentence-bargaining may be for recommendations to the court on sentences, including a recommended "cap" on sentencing); *Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (dismissing for lack of jurisdiction where the defendant pled guilty with a sentencing cap of ten years and the sentence imposed was within the agreed cap); *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding a statement in record indicating that there was no agreed recommendation on punishment did not convert proceeding into an open plea where the plea was entered pursuant to agreed sentencing cap).

Because appellant's plea was made pursuant to a plea bargain, he may appeal only matters raised by a written pre-trial motion ruled on by the trial court or with the trial court's permission. *See* Tex. R. App. P. 25.2(a)(2). The record does not contain any rulings denying appellant's written motions.

The record also does not reflect that the trial court granted appellant permission to appeal. When the trial court approved appellant's signed waivers as part of his plea, the court certified that appellant has no right to appeal. In addition, the trial court signed a separate certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, we dismiss the appeal.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).