COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:  Esseabasi Samuel Williams v. The State of Texas

Appellate case number:  01-15-00736-CR

Trial court case number:  1455285

Trial court:  263rd District Court of Harris County

Appellant, Esseabasi Samuel Williams, timely filed his notice of appeal on July 30, 2015, from the judgment of conviction, signed on July 30, 2015, after he pleaded guilty to the first-degree felony of engaging in organized criminal activity for which the trial court assessed his punishment at thirty years' confinement. The trial court's certification, included with the notice of appeal, states that this is not a plea-bargain case and that appellant has the right of appeal.

On September 3, 2015, appellant's appointed counsel, Bob Wickoff, filed a letter-motion with the Clerk of this Court stating that the certification is incorrect because the clerk's record reflects that appellant pleaded guilty without an agreed recommendation with a cap of thirty years in prison after a presentencing investigation ("PSI") was to be completed. Appellant contends that, under Texas Rule of Appellate Procedure 25.2(a)(2), plea agreements with caps on punishment are treated as plea-bargain cases. *See Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). Appellant's counsel further states that, because appellant's trial counsel filed pretrial motions and obtained written rulings from the trial court, he may appeal only matters raised by a written pretrial motion and denied by written order or else with the trial court's permission. *See* TEX. R. APP. P. 25.2(a)(2). Thus, appellant's counsel requests that this Court order the trial court to remedy the defect by filing an amended certification of appellant's right of appeal.

Although the clerk's record is not yet due to be filed in this Court until September 28, 2015, after examining the judgment of conviction from the trial clerk's website, the judgment does state that this was a plea-bargain case without an agreed recommendation

with a cap of thirty years after a PSI hearing. *See Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding that agreement to "punishment cap" was "plea-bargained case within the meaning of Rule 25.2(a)(2).""). Thus, the certification of appellant's right of appeal, signed on March 13, 2015, appears to be inconsistent with the judgment, and an amended certification should have been entered at the time the judgment was signed on July 30, 2015. *See* TEX. CODE CRIM. PROC. ANN. § 44.02 (West Supp. 2014); TEX. R. APP. P. 25.2(a)(2) ("The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order."). This order constitutes notice to all parties of the defect. *See* TEX. R. APP. P. 37.1.

Accordingly, we construe appellant's letter-motion to include a motion to abate and remand and **grant** it, **ABATE** the appeal, and **REMAND** for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Bob Wicoff, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

We direct the trial court to:

1) execute an amended certification of appellant's right to appeal, indicating whether this is a plea-bargain case and, if so, whether appellant has the limited right to appeal the denial of any pretrial motions or whether the trial court has given permission to appeal and appellant has the right of appeal, if any;

2) make any findings and recommendations the trial court deems appropriate; and

3) enter written findings of fact, conclusions of law, and recommendations as to these issues, if any, separate and apart from any docket sheet notations.

*See* TEX. GOV'T CODE ANN. § 52.046 (West Supp. 2014); TEX. R. APP. P. 13.1(a), 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 34.6(a)(1), (d), (e)(2), (3), (f), 35.3(b), (c), 37.1, 44.4(b). The trial court coordinator shall set a hearing date no later than **30 days** from the date of this order and notify the parties and the Clerk of this Court. The trial court shall have a court reporter record the hearing and file a supplemental reporter's record with this Court within **15 days** of the date of the hearing. If the hearing is conducted by video

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

teleconference, a certified video recording of the hearing shall also be filed in this Court within **15 days** of the date of this hearing.

The trial court clerk is directed to file a supplemental clerk's record containing the amended certification of appellant's right of appeal the judgment of conviction, including any findings of fact or conclusions of law made by the trial court. The supplemental clerk's record shall be filed with this Court no later than **15 days** from the date of the hearing. *See* TEX. R. APP. P. 2, 34.5(c)(2).

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record and supplemental reporter's record are filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature: /s/ <u>Laura Carter Higley</u>
       ☒ Acting individually   ☐ Acting for the Court

Date: September 10, 2015

3