**Order entered May 29, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00549-CR

### QUINTON GOLD HODGE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-83842-2017**

## ORDER

Although neither appellant Quinton Gold Hodge nor the State discuss any jurisdictional issues, this Court must independently satisfy itself that jurisdiction exists. *See Harper v. State*, 567 S.W.3d 450, 453 (Tex. App.—Fort Worth 2019, no pet.). Hodge was indicted for the offenses of attempt to commit capital murder with a deadly weapon (count I) and aggravated robbery (count II). The record shows that Hodge signed an "open plea"[1] that states he agreed to plead guilty to count I in exchange for the State agreeing to abandon count II. The "open plea" admonished that "If the punishment assessed does not exceed the agreement between you and the prosecutor, the [trial court] must give its permission to you before you may appeal on any matter

---

[1] We note that the title of the written agreement was "Plea Agreement" but someone crossed out the word "agreement" and handwrote the word "open" before the word "plea."

1

in this case except for those matters raised by written motions prior to trial." Under the heading "Defendant's Waiver of Rights and Judicial Confession," Hodge agreed to "Waive[] the right to appeal to the Court of Appeals."

The hearing on Hodge's plea took place over two days. On the first day, the trial court admonished Hodge that "[A]s long as [the trial court] assess[es] your punishment somewhere within the range, five to 99 or life and a fine of up to $10,000, there's not a whole lot you can do about complaining about that punishment." However, on the second day, at the conclusion of the hearing on punishment, the trial court advised Hodge that he had:

> [T]he right to appeal the judgment of th[e] [trial] court. If [he] desire[d] to appeal, [he] must give written notice of appeal to the clerk of th[e] court within the time period specified by the Texas Rules of Appellate Procedure; that's generally 30 days from the date of sentence.

> If [he] [is] indigent, and [he is], [the trial court] will appoint an attorney to represent [him] on appeal. If [he] [is] not indigent, [he] will be required to pay for [his] own attorney and pay for the appellate record.

> If [his] appeal is unsuccessful, [he] ha[s] the right to file a pro se petition for discretionary review with the Court of Criminal Appeals in Austin, again, within the time period specified by the Texas Rules of Appellate Procedure.

The trial court's judgment states that the terms of the plea bargain were "open plea; state abandons count II," but does not mention Hodge's right to appeal. Also, the record shows that the trial court signed a certification of Hodge's right to appeal, which certifies this criminal case "is not a plea-bargain case, and [Hodge] has the right to appeal."

The term "open plea" is an imprecise legal term of art as it is often used colloquially to refer to a myriad of different pleas that a defendant might enter. *See Harper*, 567 S.W.3d at 454. In some instances it suggests a plea where there was a charge bargain, but not a sentence bargain. *See id.* In others, it refers to a plea where no plea bargaining of any kind has occurred. *See id.* The common denominator is that in both types of "open plea," the defendant pleads guilty

2

without an agreement as to the punishment he will receive. *See id.* However, they differ in that sometimes the guilty plea is the product of a bargain and sometimes it is not. *See id.* So, although the term "open plea" accurately conveys that a defendant's precise punishment is unresolved, it obscures the process that resulted in the guilty plea.[2] *See id.* at 454–55.

A "plea bargain" includes both a "charge bargain" and "sentence bargain." *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Harper*, 567 S.W.3d at 455. A "charge bargain" refers to an arrangement whereby the State agrees to drop some of the charged counts or reduce the charge to a less serious offense in exchange for a plea of guilty or nolo contendere. *See Shankle*, 119 S.W.3d at 813; *Harper*, 567 S.W.3d at 455. A "sentence bargain" refers to an agreement between the State and the defendant where the defendant promises to plead guilty or nolo contendere to the pending charge or counts in exchange for a lesser sentence. *See Shankle*, 119 S.W.3d at 813; *Harper*, 567 S.W.3d at 455. Either plea may affect the defendant's right to appeal under the code of criminal procedure.

Texas Code of Criminal Procedure article 44.02 provides:

> A defendant in any criminal action has the right of appeal . . . provided, however, before the defendant who has been convicted upon either his plea of guilty or nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court.

TEX. CODE CRIM. PROC. ANN. art. 44.02. Also, Texas Rule of Appellate Procedure 25.2(a)(2) provides, in part:

> In a plea bargain case–that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant–a defendant may appeal only:

---

[2] Some courts have expressed concern with the use of the term "open plea" to describe a charge bargain. *See Harper*, 567 S.W.3d at 454 n.2 (citing *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.)).

(A)     those matters that were raised by written motion filed and ruled on before trial,

(B)     after getting the trial court's permission to appeal, or

(C)     where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2).

A sentence bargain clearly falls within the scope of article 44.02 and rule 25.2(a)(2). *See Shankle*, 119 S.W.3d at 813; *Harper*, 567 S.W.3d at 455. Also, where a charge bargain effectively caps the maximum punishment, that charge bargain falls within the scope of rule 25.2(a)(2). *See Harper*, 567 S.W.3d at 455. An agreement to dismiss a pending charge, or not to bring an available charge, effectively caps punishment at the maximum sentence for the charge that remains. *See Shankle*, 119 S.W.3d at 813.

The trial court's certification of appeal states that this "is not a plea-bargain case." The record is unclear whether that statement is correct. *See Harper*, 567 S.W.3d at 455. Accordingly, the Court **ORDERS** the district court to clarify or amend its certification of appeal within **FIFTEEN DAYS** as follows:

(1) to reflect either:

   (a) this is not a plea bargain case and Hodge has the right to appeal; or

   (b) this is a plea bargain case, resulting from a charge bargain; and

(2) if this case is a plea bargain case, resulting from a charge bargain, determine whether:

   (a) Hodge may appeal matters raised by written motion filed and ruled on before trial and not withdrawn or waived;

   (b) the trial court has given permission to appeal and Hodge has the right to appeal;

   (c) Hodge has no right to appeal; or

   (d) Hodge has waived the right to appeal.

4

The Court also **DIRECTS** the district clerk to file a supplemental clerk's record containing the clarified or amended certification of appeal within **FIFTEEN DAYS**.

The appeal is **ABATED** to allow the district court to comply with the above order. The appeal shall be reinstated **FIFTEEN DAYS** from the date of this order.

/s/David Schenck
DAVID J. SCHENCK
PRESIDING JUSTICE