**MODIFY and AFFIRM; and Opinion Filed July 9, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00549-CR

**QUINTON GOLD HODGE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-83842-2017**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Osborne

Quinton Gold Hodge appeals the trial court's final judgment convicting him of attempted capital murder. Hodge was indicted for the offenses of attempt to commit capital murder with a deadly weapon (count I) and aggravated robbery with a deadly weapon (count II). He entered into a plea bargain agreement with the State where the State agreed to abandon count II of the indictment in exchange for Hodge's guilty plea to count I. Hodge pleaded guilty and the trial court found that he used a deadly weapon during the commission of the offense and assessed his punishment at forty years of imprisonment. Hodge raises one issue on appeal arguing the trial court erred when, during the hearing on punishment, it admitted gang evidence that exceeded its allowable purpose. We conclude that we have jurisdiction over this appeal involving a plea bargain and the trial court did not err. Also, we modify the judgment to reflect the trial court's finding that

Hodge used or exhibited a deadly weapon during the commission of the offense. The trial court's judgment is affirmed as modified.

## I.  FACTUAL AND PROCEDURAL CONTEXT

Pursuant to a plea bargain, Hodge pleaded guilty to the offense of attempted capital murder with a deadly weapon (count I) and the State agreed to abandon the aggravated robbery charge (count II). No agreement was made between Hodge and the State as to Hodge's punishment. During the hearing on punishment, the State offered, without objection, and the trial court admitted evidence relating to Hodge's gang involvement. The trial court found that Hodge used or exhibited a deadly weapon during the commission of the offense, but declined to make a finding of gang violence. The trial court assessed Hodge's punishment at forty years of imprisonment.

## II.  JURISDICTION

Although neither Hodge nor the State raised any jurisdictional issues, as a preliminary matter, we address this Court's jurisdiction over this appeal. *See Harper v. State*, 567 S.W.3d 450, 453 (Tex. App.—Fort Worth 2019, no pet.). The record shows that Hodge signed an "open plea"[1] that states he agreed to plead guilty to count I in exchange for the State agreeing to abandon count II. The "open plea" admonished that "If the punishment assessed does not exceed the agreement between you and the prosecutor, the [trial court] must give its permission to you before you may appeal on any matter in this case except for those matters raised by written motions prior to trial." Under the heading "Defendant's Waiver of Rights and Judicial Confession," Hodge agreed to "Waive[] the right to appeal to the Court of Appeals."

The hearing on Hodge's plea took place over two days. On the first day, the trial court admonished Hodge that "[A]s long as [the trial court] assess[es] your punishment somewhere

---

[1] We note that the title of the written agreement was "Plea Agreement" but someone crossed out the word "agreement" and handwrote the word "open" before the word "plea."

within the range, five to 99 or life and a fine of up to $10,000, there's not a whole lot you can do about complaining about that punishment." However, on the second day, at the conclusion of the hearing on punishment, the trial court advised Hodge that he had:

> [T]he right to appeal the judgment of th[e] [trial] court. If [he] desire[d] to appeal, [he] must give written notice of appeal to the clerk of th[e] court within the time period specified by the Texas Rules of Appellate Procedure; that's generally 30 days from the date of sentence.
>
> If [his] [is] indigent, and [he is], [the trial court] will appoint an attorney to represent [him] on appeal. If [he] [is] not indigent, [he] will be required to pay for [his] own attorney and pay for the appellate record.
>
> If [his] appeal is unsuccessful, [he] ha[s] the right to file a pro se petition for discretionary review with the Court of Criminal Appeals in Austin, again, within the time period specified by the Texas Rules of Appellate Procedure.

The trial court's judgment states that the terms of the plea bargain were "open plea; state abandons count II," but does not mention Hodge's right to appeal. Also, the record shows that the trial court signed a certification of Hodge's right to appeal, which certifies this criminal case "is not a plea-bargain case, and [Hodge] has the right to appeal."

The term "open plea" is an imprecise legal term of art as it is often used colloquially to refer to a myriad of different pleas that a defendant might enter. *See Harper*, 567 S.W.3d at 454. In some instances, it suggests a plea where there was a charge bargain, but not a sentence bargain. *See id.* In others, it refers to a plea where no plea bargaining of any kind has occurred. *See id.* The common denominator is that in both types of "open plea," the defendant pleads guilty without an agreement as to the punishment he will receive. *See id.* However, they differ in that sometimes the guilty plea is the product of a bargain and sometimes it is not. *See id.* So, although the term "open plea" accurately conveys that a defendant's precise punishment is unresolved, it obscures the process that resulted in the guilty plea.[2] *See id.* at 454–55.

---

[2] Some courts have expressed concern with the use of the term "open plea" to describe a charge bargain. *See Harper*, 567 S.W.3d at 454 n.2 (citing *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.)); *see also Rubio v. State*,

A "plea bargain" includes both a "charge bargain" and "sentence bargain." *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Harper*, 567 S.W.3d at 455. A "charge bargain" refers to an arrangement whereby the State agrees to drop some of the charged counts or reduce the charge to a less serious offense in exchange for a plea of guilty or nolo contendere. *See Shankle*, 119 S.W.3d at 813; *Harper*, 567 S.W.3d at 455. A "sentence bargain" refers to an agreement between the State and the defendant where the defendant promises to plead guilty or nolo contendere to the pending charge or counts in exchange for a lesser sentence. *See Shankle*, 119 S.W.3d at 813; *Harper*, 567 S.W.3d at 455. Either plea may affect the defendant's right to appeal under the code of criminal procedure.

Texas Code of Criminal Procedure article 44.02 provides:

> A defendant in any criminal action has the right of appeal . . . provided, however, before the defendant who has been convicted upon either his plea of guilty or nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court.

TEX. CODE CRIM. PROC. ANN. art. 44.02. Also, Texas Rule of Appellate Procedure 25.2(a)(2) provides, in part:

> In a plea bargain case–that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant–a defendant may appeal only:
>
> (A)     those matters that were raised by written motion filed and ruled on before trial,
>
> (B)     after getting the trial court's permission to appeal, or
>
> (C)     where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2).

---

No. 02-17-00418-CR, 2019 L 1574947, at *1 n.2 (Tex. App.—Fort Worth Apr. 11, 2019, no pet.) (mem. op., not designated or publication); *State v. S.M.*, No. 02-18-00242-CR, 2019 WL 1186799, at *5 n.6 (Tex. App.—Fort Worth Mar. 14, 2019, no pet.) (mem. op., not designated for publication).

A sentence bargain clearly falls within the scope of article 44.02 and rule 25.2(a)(2).  *See Shankle*, 119 S.W.3d at 813; *Harper*, 567 S.W.3d at 455.  Also, where a charge bargain effectively caps the maximum punishment, that charge bargain falls within the scope of rule 25.2(a)(2).  *See Harper*, 567 S.W.3d at 455.  An agreement to dismiss a pending charge, or not to bring an available charge, effectively caps punishment at the maximum sentence for the charge that remains.  *See Shankle*, 119 S.W.3d at 813.

Because the trial court's certification of appeal stated that this "is not a plea-bargain case" and the record was unclear, we ordered the trial court to clarify or amend its certification of appeal and abated the appeal.  As a result, the trial court amended the certification to state this "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right to appeal."  Accordingly, we conclude that we have jurisdiction over this appeal.

## III.  PUNISHMENT EVIDENCE

In issue one, Hodge argues the trial court erred when, during the hearing on punishment, it admitted gang evidence that exceeded its allowable purpose.  He concedes that: (1) the trial court properly admitted evidence that he was a member of a gang and the gang had a reputation for drug activity and violence; (2) he did not preserve his complaint for appellate review; and (3) the trial court declined to make a finding of gang violence and stated it would not hold his associate's behavior against him.  Also, he does not allege that the trial court assessed his punishment outside the allowable range of punishment.  However, Hodge contends that the admission of evidence relating to his gang involvement exceeded its allowable purpose.  As a result, he claims that it constitutes fundamental error because it deprived him of a fair punishment hearing by biasing the trial court.  The State responds that Hodge failed to preserve this issue for appellate review, the trial court did not err when it admitted the evidence relating to his gang involvement, and even if the trial court did err, the error was harmless.

Absent an objection, a defendant waives error unless it is fundamental—that is, the error creates egregious harm. *See Mendez v. State*, 138 S.W.3d 334, 338 (Tex. Crim. App. 2004). Because Hodge concedes that he did not preserve this issue for appellate review, the only issue before this Court is whether the alleged error is fundamental error. In this case, we need not determine whether the alleged error was fundamental because, after reviewing the record, we find no signs of relevant bias. *See Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex. Crim. App. 2006) (declining to decide whether an objection is required to preserve an error of this nature and instead resolving the issue on the basis that the record did not reflect partiality of the trial court); *see also Sims v. State*, No. 05-18-00139-CR, 2018 WL 6333250, at *2 (Tex. App.—Dallas Nov. 29, 2018, no pet.) (mem. op., not designated for publication).

The record shows the trial court was not improperly biased by the gang evidence. Although the trial court expressed concern over Hodge's pride in his gang membership and the leadership role he played in the gang, at the conclusion of the punishment hearing, the trial court declined to make a finding of gang violence and stated:

> There's no question in my mind that you are a gang member, but I'm not convinced just yet that this crime is made in furtherance of gang activity. The fact that you were running with another gangbanger while you were doing it doesn't necessarily get you there. So I'm going to decline the State's request that I make that a finding.
>
> . . . .
>
> Understand, Mr. Hodge, I'm not going to hold any of your [gang] associate's [sic] behavior against you for the time period you've been incarcerated. There's no indication that you're acting, planning, or otherwise.

Also, the trial court stated that, after hearing the testimony of Hodge's brother, it reduced the sentence it was initially going to assess by ten years.

Issue one is decided against Hodge.

## IV. MODIFICATION

Although neither party raises the issue, we observe that the final judgment incorrectly states that the trial court did not make an affirmative deadly-weapon finding. The record shows the indictment alleged that during the commission of count I, Hodge used or exhibited a deadly weapon, namely a firearm. Also, at the conclusion of the hearing on punishment, the trial court stated, "Furthermore, I'm going find that you used or exhibited a deadly weapon in the commission of this crime, to-wit, a firearm." However, under the heading "Findings on Deadly Weapon" the judgment states "N/A." An appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so. *See* R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex .App.—Dallas 1991, pet. ref'd). We conclude the trial court's final judgment should be modified to include an affirmative deadly weapon finding. *See* R. App. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30. Accordingly, the judgment is modified as follows: "Findings on Deadly Weapon: N/A" is modified to read "Findings on Deadly Weapon: Yes: Firearm."

## V. CONCLUSION

We have jurisdiction over this appeal. The trial court did not err by admitting gang evidence that exceeded its allowable purpose during the hearing on punishment. Also, the final judgment is modified to reflect an affirmative deadly-weapon finding.

The trial court's judgment is affirmed as modified.

Do Not Publish
Tex. R. App. P. 47

180549F.U05

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

QUINTON GOLD HODGE, Appellant

No. 05-18-00549-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-83842-2017.
Opinion delivered by Justice Osborne.
Justices Schenck and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

the portion of the judgment that reads "Findings on Deadly Weapon: N/A" is modified to read "Findings on Deadly Weapon: Yes: Firearm."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 9th day of July, 2019.