**Appeals dismissed and Memorandum Opinion filed February 6, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00689-CR
### NO. 14-23-00690-CR

---

### IGNACIO LUNA NAVARRO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 240th District Court
### Fort Bend County, Texas
### Trial Court Cause Nos. 19-DCR-086329A & 19-DCR-087397

---

### MEMORANDUM OPINION

Appellant pleaded guilty to the offenses of sexual assault of a child and indecency with a child, and true to a prior conviction in each count. Appellant and the State agreed that appellant's punishment would not exceed confinement in prison for more than fifteen years for each of those offenses. In accordance with the terms of this plea bargain agreement with the State, the trial court found appellant guilty, the enhancements true, and assessed punishment for each offense

at confinement for fifteen years, to run concurrently.  We dismiss the appeals.

The trial court signed certifications of the defendant's right to appeal in which the court certified that both proceedings were plea bargain cases and the defendant has no right of appeal, and further that appellant waived his right of appeal, indicating we have no jurisdiction over the appeals. *See* Tex. R. App. P. 25.2(a)(2). An agreement that places a cap on punishment is a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding reviewing court lacked jurisdiction when defendant pleaded guilty with sentencing cap of ten years, even though trial judge mistakenly certified defendant had right of appeal); *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no. pet.) (holding statement in record indicating there was no agreed recommendation did not convert proceeding into an open plea when plea was made pursuant to agreed sentencing cap).

Because appellant's pleas were made pursuant to plea bargains, he can only appeal matters raised by written pre-trial motions or with the trial court's permission. *See* Tex. R. App. P. 25.2(a)(2).  Appellant does not challenge any pre-trial rulings.

Accordingly, we dismiss the appeals.

PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).

2