COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Jonithan Quinn v. The State of Texas

Appellate case number:    01-12-00432-CR

Trial court case number:  1264043

Trial court:              208th District Court of Harris County

On March 7, 2013, we abated the above-referenced appeal to resolve inconsistencies between the trial court's certification of appellant's right to appeal and the record.

The trial court's certification of appellant's right to appeal indicates that this is not a plea bargain case and that appellant has the right of appeal. When, as here, an appellate court has the clerk's record before it, the court has "a duty" to "compare the certification to the record," to ascertain whether the certification is "defective," and to obtain an amended certification if necessary. *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005).

The trial court's judgment states, "*Terms of Plea Bargain*: Without an Agreed Recommendation/PSI Hearing—*State Reduces From 1st Degree*." This language states *both* (1) that there was not an agreed recommendation and (2) that there was an agreed recommendation. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating that when defendant agrees to plead guilty to lesser or related offense in exchange for State refraining from bringing the greater charge, this constitutes a plea bargain under Rule of Appellate Procedure 25.2); *see e.g.*, *Murillo v. State*, No. 01-08-00871-CR, 2010 WL 2133876, at *3–4 (Tex. App.—Houston [1st Dist.] May 27, 2010, no pet.) (not designated for publication). Although we "indulge every presumption in favor of the regularity of the documents in the trial court," we cannot equally presume the regularity of two competing phrases. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g).

In addition, when a judgment expressly states that a plea bargain occurred, as here, other language, such as "without an agreed recommendation," does not convert the proceeding into an "open plea." *See Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

Further, the plea papers state: "I represent to the trial court that the State will make the plea bargain agreement or recommendation, if any, set forth in the Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession herein and I understand the

consequences." The Waiver of Constitutional Rights states: "State Moves to 2[nd degree] Sexual Assault."

Given the apparent inconsistences between the certification and the record, we abated the appeal in order to verify our jurisdiction. *See e.g.*, *Smith v. State*, 03-11-00464-CR, 2011 WL 6352286, at *1 (Tex. App.—Austin, Dec. 15, 2011, order) (not designated for publication).

On April 19, 2013, the trial court filed a supplemental record, stating that it has reviewed the record, that there was not an agreement to reduce the charge in this case, and that its certification stating that appellant has the right of appeal is correct.

Accordingly, we order the appeal **reinstated**.

It is so ORDERED.


Judge's signature: /s/ Laura C. Higley
              ☑ Acting individually    ☐ Acting for the Court


Date: April 26, 2013