**Dismissed and Memorandum Opinion filed October 10, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00209-CR

---

**RANDY OWENS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 11CR3078**

---

### M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to murder. Appellant and the State agreed that appellant's punishment would not exceed confinement in prison for more than 50 years. In accordance with the terms of this agreement with the State, the trial court sentenced appellant to confinement for 40 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely, written notice of appeal. We dismiss the appeal.

Although the trial court mistakenly entered a certification of the defendant's right to appeal in which the court certified that this is not a plea bargain case and the defendant has the right of appeal, we have no jurisdiction over the appeal. *See* Tex. R. App. P. 25.2(a)(2). An agreement that places a cap on punishment is a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). *Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding reviewing court lacked jurisdiction where defendant pled guilty with a sentencing cap of ten years, even though trial judge mistakenly certified defendant had right of appeal); *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no. pet.) (holding statement in record indicating that there was no agreed recommendation did not convert proceeding into an open plea where plea was entered pursuant to agreed sentencing cap); *see also Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating sentence-bargaining may be for recommendations to the court on sentences, including a recommended "cap" on sentencing).

Because appellant's plea was made pursuant to a plea bargain, he may appeal only matters raised by a written pre-trial motion or with the trial court's permission. *See* Tex. R. App. P. 25.2(a)(2). Appellant is not appealing any pre-trial rulings.[1] The trial court's erroneous certification that the case is not a plea bargain case does not constitute permission to appeal. *See Waters*, 124 S.W.3d at 826–27.

Accordingly, we dismiss the appeal.

PER CURIAM

---

[1] Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

2

Panel consists of Justices Christopher, McCally, and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).