**Opinion issued August 31, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00738-CR

———————————

**KRISTOPHER ALEXANDER CISNEROS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Case No. 1534334**

---

## MEMORANDUM OPINION

Appellant, Kristopher Alexander Cisneros, pleaded guilty to the first-degree felony offense of aggravated robbery—deadly weapon, pending a pre-sentence investigation ("PSI") hearing, but with a punishment cap of twenty-five years'

confinement.[1] The trial court found appellant guilty and assessed his punishment at twenty-five years' confinement.[2] The trial court certified that appellant had waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a pro se notice of appeal and the trial court appointed him counsel. *See* TEX. R. APP. P. 26.2(a)(1). We dismiss this appeal for want of jurisdiction.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Agreements to plead guilty in exchange for the State's reduction of a charge or for a recommendation of a cap on punishment are plea bargains for purposes of Rule 25.2(a)(2). *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating two types of plea bargains are charge-bargaining, in which defendant pleads guilty to charged offense or to lesser or related offense, and sentence-bargaining, in which State recommends to court on sentences, including recommended "cap" on sentencing); *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st

---

[1]    *See* TEX. PENAL CODE ANN. § 29.03(a)(2), (b) (West 2011).

[2]    *See* TEX. PENAL CODE ANN. § 12.32(a) (West 2011).

Dist.] 2003, no. pet.). The Court of Criminal Appeals has held that, "in order for a pretrial or presentencing waiver of the right to appeal to be binding at the punishment phase of trial, the waiver must be voluntary, knowing, and intelligent," and "[o]ne way to indicate that the waiver was knowing and intelligent is for the actual punishment or maximum punishment to have been determined by a plea agreement when the waiver was made." *Ex parte Delaney*, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006).

Here, the trial court's certification states that appellant waived his right of appeal, and the trial court did not give its permission to appeal any matters. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. The special clerk's record and PSI hearing record filed in this Court confirm that appellant pleaded guilty to the first-degree aggravated robbery charge pending a PSI hearing, but in exchange for the State's recommendation that sentencing be capped at twenty-five years' confinement. Thus, the records support the trial court's certification that appellant waived his right of appeal because his maximum punishment was determined by a plea agreement when the waiver was made. *See Ex parte Delaney*, 207 S.W.3d at 799; *see also Dears*, 154 S.W.3d at 615; *Shankle*, 119 S.W.3d at 813. Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to

3

appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

## PER CURIAM

Panel consists of Justices Jennings, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).