**Dismissed and Memorandum Opinion filed February 5, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00346-CR

### CARLOS ALEMAN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 15-DCR-070323**

## M E M O R A N D U M     O P I N I O N

Appellant entered a plea of guilty to aggravated robbery. Appellant and the State agreed that appellant's punishment would not exceed confinement in prison for more than 28 years. In accordance with the terms of this plea bargain agreement with the State, the trial court sentenced appellant to confinement for 28 years in the Institutional Division of the Texas Department of Criminal Justice. We dismiss the appeal.

Although the trial court mistakenly entered a certification of the defendant's right to appeal in which the court certified that this is not a plea bargain case and the defendant has the right of appeal as to punishment, we have no jurisdiction over the appeal. *See* Tex. R. App. P. 25.2(a)(2). An agreement that places a cap on punishment is a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding reviewing court lacked jurisdiction where defendant pleaded guilty with a sentencing cap of ten years, even though trial judge mistakenly certified defendant had right of appeal); *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no. pet.) (holding statement in record indicating that there was no agreed recommendation did not convert proceeding to an open plea where plea was entered pursuant to agreed sentencing cap).

Because appellant's plea was made pursuant to a plea bargain, he may appeal only matters raised by a written pretrial motion or with the trial court's permission. *See* Tex. R. App. P. 25.2(a)(2). Appellant's counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967). Appellant does not challenge any pretrial rulings. The trial court's erroneous certification that the case is not a plea bargain case does not constitute permission to appeal. *See Waters*, 124 S.W.3d at 826–27.

Accordingly, we dismiss the appeal.


PER CURIAM


Panel consists of Justices Christopher, Hassan, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).