**Opinion issued February 13, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-19-00660-CR**

————————————

**KE AUNDRA ARNETHA HARRIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1534173**

---

## MEMORANDUM OPINION

Appellant, Ke Aundra Arnetha Harris, pleaded guilty to the felony offense of

aggravated robbery with a deadly weapon. TEX. PENAL CODE § 29.03(a). In return

for Harris's plea, the State recommended a punishment cap of 25 years in the Texas

Department of Criminal Justice. *See Threadgill v. State*, 120 S.W.3d 871, 872 (Tex.

App.—Houston [1st Dist.] 2003, no pet.) (holding that agreement to cap on punishment is plea bargain for purposes of Rule 25.2). Harris signed the plea bargain which also contained the statement that accepting the plea bargain meant that she waived her right to appeal. After a presentence investigation hearing, the trial court signed a judgment of conviction imposing a sentence of 8 years in the Institutional Division of the Texas Department of Criminal Justice. Harris filed a notice of appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). Although this is a plea-bargain case, Harris also waived the right to appeal. The trial court's certification is included in the record on appeal and the trial court marked the boxes for both waiver of the right to appeal and that this is a plea-bargain case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

Harris's appointed counsel has filed a motion to abate the appeal, claiming that the certification is defective. Counsel argues that, because the trial court announced that Harris understood she faced a punishment range of between five years and life imprisonment, the sentencing cap had no force.

In a plea-bargain situation, the trial court must make certain statutory admonishments, including the range of punishment, the plea consequences, and the fact that the trial court need not accept the plea. *See* TEX. CODE CRIM.

2

PROC. art. 26.13. Here, the trial court stated during the PSI hearing that Harris had previously pleaded guilty to aggravated robbery and understood that the punishment range for that offense was five years to life imprisonment, but when the trial court pronounced sentence, she stated that Harris had pleaded guilty and that the sentence would be 8 years in TDC. Because the trial court sentenced Harris within the sentencing cap agreed to in the plea and Harris agreed to waive her right to appeal in conjunction with that plea, the record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). We deny Harris's motion to abate.

Because Harris has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Landau and Hightower.
Do not publish.  TEX. R. APP. P. 47.2(b).