**Order issued August 27, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-13-00894-CR**
**NO. 01-13-00895-CR**

———————————

**JULIO ALVARADO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1325689 & 1325690**

---

## ORDER OF ABATEMENT AND REMAND

Appellant's appointed counsel, J. Sidney Crowley, filed a motion to withdraw and the accompanying brief required by *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Purporting to act as appellant's retained counsel, attorney Cory Roth filed "Julio Alvarado's Response to His Appointed Counsel's

Anders Brief." On July 24, 2014, because two attorneys made appearances claiming to represent appellant, this Court ordered Mr. Roth to either file a motion to substitute as counsel or present the court with authority permitting a retained attorney to file a response to an *Anders* brief. On July 25, 2014, Mr. Roth filed a motion to be substituted as counsel for appellant.

The trial court is responsible for appointing counsel to represent indigent defendants, TEX. CODE CRIM. PROC. ANN. art. 1.051(d) (West Supp. 2013), and possesses the authority to relieve or replace appointed counsel on a finding of good cause. TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2013). Notwithstanding the motion to withdraw, Mr. Crowley remains appellant's counsel on appeal "until charges are dismissed, the defendant is acquitted, appeals are exhausted, or [he] is relieved of his duties by the court or replaced by other counsel after a finding of good cause is entered on the record." TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2).

In light of Mr. Crowley's motion to withdraw and Mr. Roth's motion to be substituted as appellant's counsel, we abate the appeal and remand the cause to the trial court for further proceedings. On remand, we direct the trial court to determine the following:

1.    Whether appellant still desires to prosecute his appeal;

2.    Whether Mr. Roth has been retained to represent appellant in his appeal;

2

3. Whether Mr. Crowley desires to be relieved of his duties as appellate counsel in light of Mr. Roth's representation, and if so, good cause exists to relieve Mr. Crowley of his duties;

4. If Mr. Roth is to be substituted for Mr. Crowley, whether appellant's consent to substitute was properly obtained; and

5. Any additional issues the trial court finds material to ensuring appellant receives effective assistance of counsel on appeal.

If the trial court finds that Mr. Roth has been retained to represent appellant, that appellant properly consented to the substitution of counsel, and that Mr. Crowley desires to withdraw, then the trial court may allow Mr. Crowley to withdraw as counsel.

The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any orders the court signs to be included in a supplemental clerk's record. Should the trial court conduct a hearing of this matter, the evidence and argument presented shall be included in a supplemental reporter's record. The trial court shall cause the supplemental clerk's records and the supplemental reporter's record, if any, to be filed with the clerk of this court within twenty days from the date of this order.

Should the trial court authorize the withdrawal of Mr. Crowley and substitution of Mr. Roth as appellant's appellate counsel, appellant's appellate brief shall be due within thirty days from the date the cases are reinstated.

It is so ordered.

Michael Massengale
Justice

Panel consists of Justices Massengale, Brown, and Huddle

Publish. Tex. R. App. P. 47.2(b).