COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT AND REMAND

Appellate case name:      Jose Fransisco Mendoza-Navarro v. The State of Texas

Appellate case number:    01-18-00706-CR

Trial court case number:  1542074

Trial court:              176th District Court of Harris County

This appeal has been pending since the notice of appeal was filed in July of 2018. Appellant's brief was originally due in November 2018, but when retained counsel failed to file a brief, this Court abated and ordered the trial court to hold a hearing to determine why no brief had been filed. More than six months later, the trial court filed findings of fact and conclusions of law indicating that retained counsel had abandoned appellant, appellant was indigent, and appointing counsel, David L. Garza, to represent appellant. A number of extensions were granted. In September 2019, Garza filed a motion to withdraw and the accompanying brief required by *Anders v. California*, 386 U.S. 738 (1967). The State filed a waiver of response on November 26, 2019. After receiving a request to access the record, the Court issued an order directing the trial court clerk to provide appellant with access to the record.

Purporting to act as appellant's retained counsel, Peyton Z. Peeples III, tendered on January 24, 2020, "Appellant's Response to *Anders* Brief." Because two attorneys had made appearances claiming to represent appellant, this Court issued an order requiring Peeples either to file a motion to substitute or to present the Court with authority permitting a retained attorney to file a response to an *Anders* brief. Peeples filed a motion to substitute on February 3, 2020; however, the motion states that Peeples wishes to be substituted only to respond to the *Anders* brief.

The provision for filing an *Anders* response is to permit the indigent appellant to point out "any reason why he thinks there are non-frivolous issues to be raised on his behalf, notwithstanding his appointed counsel's evaluation of the record." *Kelly v. State*, 436 S.W.3d 313, 315 (Tex. Crim. App. 2014). The *Anders* procedure does not contemplate retained counsel filing the response to appointed counsel's brief.

The trial court is responsible for appointing counsel to represent indigent defendants, *see* TEX. CODE CRIM. PROC. ANN. art. 1.05(d), and possesses the authority to relieve or replace appointed counsel on a finding of good cause. *See id.* art. 26.04(j)(2). Despite filing a motion to withdraw, Garza remains appellant's counsel on appeal "until charges are dismissed, the defendant is acquitted, appeals are exhausted, or [he] is relieved of his duties by the court or replaced by

other counsel after a finding of good cause is entered on the record." *Id.*; *see Alvarado v. State*, 562 S.W.3d 450, 450 (Tex. App.—Houston [1st Dist.] 2014, order).

In light of Garza's motion to withdraw and Peeples' motion to be substituted, even if it is only for the purpose of filing a response to the *Anders* brief, we abate the appeal and remand the cause to the trial court for further proceedings to determine the following:

1. Whether appellant still desires to prosecute his appeal;

2. Whether Peeples has been retained to represent appellant in this appeal;

3. Whether Garza desires to be relieved of his duties as appellate counsel in light of Peeples' representation, and if so, good cause exists to relieve Garza of his duties;

4. If Peeples is to be substituted for Garza, whether appellant's consent to substitute was properly obtained;

5. If Peeples is to be substituted, whether Peeples understands that the *Anders* brief filed by Garza will no longer be considered and Peeples agrees to appear as appellant's counsel and file an appellant's brief not pursuant to *Anders v. California*; and

6. Any additional issues the trial court finds material to ensure appellant receives effective assistance of counsel.

If the trial court determines that Peeples has been retained to represent appellant for purposes of filing an appellant's brief, that appellant properly consented to the substitution of counsel, and that Garza wishes to withdraw, then the trial court may permit Garza to withdraw.

The trial court shall prepare findings of fact and conclusions of law, and shall cause the findings and conclusions, and any orders the trial court signs, to be included in a supplemental clerk's record. If the trial court conducts a hearing of this matter, the hearing shall be recorded and a hearing record prepared and filed in this Court. The trial court shall see that the supplemental clerk's record and hearing record, if any, is filed in this Court **within twenty days from the date of this order.**

If the trial court authorizes the withdrawal of Garza and substitution of Peeples, appellant's appellate brief shall be due within thirty days of the date this appeal is reinstated on the active docket.

It is so ORDERED.


Judge's signature: ___/s/ Peter Kelly_____
                          ☑ Acting individually    ☐ Acting for the Court


Date: ___February 11, 2020___