# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-24-00547-CR
NO. 03-24-00548-CR
NO. 03-24-00549-CR

**Paul Daniel Zipper, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE 119TH DISTRICT COURT OF TOM GREEN COUNTY
### NOS. B-22-0929-SA, B-22-0647-SA, & B-22-0648-SA
### THE HONORABLE BEN WOODWARD, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Paul Daniel Zipper has filed notices of appeal from his convictions and sentences for murder, evidence tampering, aggravated assault with a deadly weapon, and evading arrest. *See* Tex. Penal Code §§ 19.02(c), 22.02(a)(2), 37.09(c), 38.04(b)(2)(A). Zipper's appointed appellate counsel, Madison Hagopian, has filed motions to substitute Don Payne as counsel in the above causes. In her motions, Hagopian advises this Court that she can no longer represent Zipper because of a change of employment.

The trial court has the responsibility for appointing counsel to represent indigent defendants on appeal as well as the authority to relieve or replace appointed counsel upon a finding of good cause. *See* Tex. Code Crim. Proc. arts. 1.051(d), 26.04(j)(2). Accordingly,

when counsel is appointed by the trial court to represent an indigent defendant on appeal, it is the trial court's responsibility to relieve or replace counsel. *See Alvarado v. State*, 562 S.W.3d 450, 450–51 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Enriquez v. State*, 999 S.W.2d 906, 907 (Tex. App.—Waco 1999, no pet.); *Williamson v. State*, No. 03-12-00672-CR, 2013 WL 363677, at \*1 (Tex. App.—Austin Jan. 25, 2013, no pet.) (mem. op., not designated for publication).

Moreover, the rules of appellate procedure require a trial court's certification of the defendant's right to appeal "each time it enters a judgment of guilt or other appealable order." *See* Tex. R. App. P. 25.2(a)(2). When determining whether an appellant in a criminal case has the right to appeal, we examine the trial court's certification for defectiveness, defined as "a certification which is correct in form but which, when compared to the record before the court, proves to be inaccurate." *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). If the certification appears to be defective, we must obtain a correct certification. *Id.* at 614–15.

In each of the trial court's certifications in the three above causes, the box is checked indicating that these were not plea-bargain cases, and that Zipper had the right of appeal. However, the Court of Criminal Appeals and our sister courts have recognized that plea agreements that cap the sentencing range to which a defendant is exposed below the statutory maximum are plea bargains within the meaning of Rule 25.2(a)(2). *See Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009) (concluding that despite plea papers' use of term "open plea," charge-bargain agreement that "effectively capped" defendant's punishment was governed by Rule 25.2(a)(2)); *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (explaining that "[s]entence-bargaining may be for binding or non-binding recommendations to the court on sentences, including a recommended 'cap' on sentencing"); *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (listing cases holding that

2

"an agreement to a punishment cap is a plea agreement within the meaning of Rule 25.2 of the Texas Rules of Appellate Procedure").

On the trial court's written admonitions to Zipper, both he and his attorney initialed next to text recognizing the existence of a plea bargain. Although the court's criminal plea worksheets conversely indicated that there was no plea bargain, a "memorandum of plea agreement" prepared by the parties provided that in exchange for Zipper's guilty pleas in the three cases, the State would abandon all enhancement allegations and move to dismiss two counts, and that "[t]he sentence will not exceed a cap of 50 years." During the plea proceeding, the trial judge stated that he accepted the fifty-year cap, and he subsequently sentenced Zipper to fifty years' confinement for murder. Accordingly, we conclude that these were plea-bargain cases for purposes of rule 25.2. *See Kennedy*, 297 S.W.3d at 342; *Shankle*, 119 S.W.3d at 813.

Despite the existence of a plea bargain, at the conclusion of the sentencing hearing, the trial judge advised Zipper that "in each of these cases you have the right to appeal." *See* Tex. R. App. P. 25.2(a)(2)(B) (authorizing defendant to appeal in plea-bargain case with permission of trial court). The court appointed appellate counsel for Zipper and ordered that he receive a free copy of the record. On the plea worksheets for each case, the judge did not check the boxes indicating that Zipper had waived his right to appeal.

We therefore abate the appeals and remand the above causes to the trial court for entry of amended certifications of Zipper's right of appeal. The court shall certify whether these are plea-bargain cases for which Zipper has no right of appeal; for which he may appeal matters that were raised by written motion filed and ruled on before trial; or for which the court has given him permission to appeal. *See id.* R. 34.5(c); 37.1; *Dears*, 154 S.W.3d at 614 (stating

that appellate courts have authority under Rules of Appellate Procedure "to obtain another certification, whenever appropriate").

In addition, we dismiss counsel's motions to substitute. If the trial court determines that good cause exists for replacing counsel with substitute counsel, the trial court shall remove counsel and promptly appoint substitute counsel for the appeals of these causes.

The trial court clerk is instructed to file with this Court no later than March 14, 2025, a supplemental clerk's record containing the amended certifications and, if appropriate, copies of the court's order appointing substitute counsel and the court's order allowing counsel's removal. If the trial court appoints substitute counsel, he shall file Zipper's briefs within thirty days of appointment.

It is so ordered February 28, 2025.


Before Chief Justice Byrne, Justices Kelly and Ellis

Abated and Remanded

Filed: February 28, 2025

Do Not Publish