# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00659-CR

**Brandy Dawn Todd, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 51ST DISTRICT COURT OF TOM GREEN COUNTY
### NO. A-24-0184-SB, THE HONORABLE CARMEN DUSEK, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Brandy Dawn Todd has filed a notice of appeal from her conviction for possession of methamphetamine in an amount of four grams or more but less than 200 grams. *See* Tex. Health & Safety Code § 481.112(d). Todd's appointed appellate counsel, Madison Hagopian, has filed a motion to substitute Don Payne as counsel in the above cause. In her motion, Hagopian advises this Court that she can no longer represent Todd because of a change of employment.

The trial court has the responsibility for appointing counsel to represent indigent defendants on appeal as well as the authority to relieve or replace appointed counsel upon a finding of good cause. *See* Tex. Code Crim. Proc. arts. 1.051(d), 26.04(j)(2). Accordingly, when counsel is appointed by the trial court to represent an indigent defendant on appeal, it is the

trial court's responsibility to relieve or replace counsel. *See Alvarado v. State*, 562 S.W.3d 450, 450–51 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Enriquez v. State*, 999 S.W.2d 906, 907 (Tex. App.—Waco 1999, no pet.); *Williamson v. State*, No. 03-12-00672-CR, 2013 WL 363677, at *1 (Tex. App.—Austin Jan. 25, 2013, no pet.) (mem. op., not designated for publication).

We therefore dismiss counsel's motion to substitute, abate the appeal, and remand the above cause to the trial court. If the trial court determines that good cause exists for replacing counsel with substitute counsel, the trial court shall remove counsel and promptly appoint substitute counsel for the appeal of this cause.

The trial court clerk is instructed to file with this Court no later than March 14, 2025, a supplemental clerk's record containing copies of the court's order appointing substitute counsel and the court's order allowing counsel's removal. If the trial court appoints substitute counsel, he shall file Todd's brief within thirty days of appointment.

It is so ordered February 28, 2025.


Before Justices Triana, Theofanis, and Crump

Abated and Remanded

Filed: February 28, 2025

Do Not Publish