# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00445-CR

---

**Ray Canek Vera, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 51ST DISTRICT COURT OF TOM GREEN COUNTY
### NO. A-22-1126-SB, THE HONORABLE CARMEN DUSEK, JUDGE PRESIDING

---

# ORDER AND MEMORANDUM OPINION

**PER CURIAM**

Pending before the Court are Appellant's motions to abate and remand and to either stay or extend his briefing deadline and Appellant's counsel's motion to withdraw. Appellant's counsel in the motions asserts that good cause exists for his withdrawal because Appellant has directed counsel to withdraw from the representation because Appellant's family has retained new appellate counsel for him. No new appellate counsel has yet made any appearance on Appellant's behalf in this Court.

When counsel has been appointed by the trial court to represent an indigent defendant on appeal, it is the trial court's responsibility to relieve or replace counsel. *See* Tex. Code Crim. Proc. arts. 1.051(d), 26.04(j)(2); *Scales v. State*, No. 03-23-00493-CR, 2024 WL 3841740, at *1 (Tex. App.—Austin Aug. 15, 2024, order & mem. op.) (per curiam) (not designated for publication); *Alvarado v. State*, 562 S.W.3d 450, 450–51 (Tex. App.—

Houston [1st Dist.] 2014, order). We therefore dismiss counsel's motion to withdraw, abate the appeal, and remand the cause to the trial court to hold a hearing in accordance with Rule of Appellate Procedure 38.8(b)(2). Upon remand, counsel is instructed to file an appropriate motion to withdraw with the trial court, and the trial court shall hold a hearing to determine whether to grant the motion. In addition, the trial court shall determine whether Appellant still wishes to prosecute his appeal, and if so, the trial court shall make any appropriate orders to ensure that Appellant is adequately represented on appeal. *See id.* A record of the hearing, including copies of all findings and any orders, shall be forwarded to the Clerk of this Court for filing as supplemental records no later than 30 days from the date of this opinion. *See* Tex. R. App. P. 34.5(c)(2), 34.6(d) (authorizing supplementation of clerk's and reporter's records).

Appellant's motions regarding his briefing deadline are dismissed as moot. Upon our reinstatement of this appeal from abatement, our Clerk will notify Appellant of his new briefing deadline.

It is ordered on June 27, 2025.


Before Chief Justice Byrne, Justices Kelly and Ellis

Abated and Remanded

Filed: June 27, 2025

Do Not Publish