# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-25-00589-CR

**Brandon Dmichael Lively, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
NO. CR2023-473B, THE HONORABLE TRACIE WRIGHT-RENEAU, JUDGE PRESIDING**

---

## ORDER AND MEMORANDUM OPINION

**PER CURIAM**

Appellant Brandon Dmichael Lively is appealing from his conviction for continuous sexual assault of a young child. *See* Tex. Penal Code § 21.02(b). Appellant's brief was originally due February 27, 2026. After this Court granted a motion requesting an extension of time to file his brief, appellant's brief is currently due May 12, 2026. Appellant's appointed counsel has now filed a second motion for extension of time to file a brief "and alternative request for substitution of counsel." In the motion, counsel "admits that his continued representation is not in the best interests of Appellant and would respectfully request that this case be remanded to the trial court for appointment of new counsel."

The trial court has the responsibility for appointing counsel to represent indigent defendants on appeal as well as the authority to relieve or replace appointed counsel upon a

finding of good cause. *See* Tex. Code Crim. Proc. arts. 1.051(d), 26.04(j)(2). Accordingly, when counsel is appointed by the trial court to represent an indigent defendant on appeal, it is the trial court's responsibility to relieve or replace counsel. *See Alvarado v. State*, 562 S.W.3d 450, 450–51 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Enriquez v. State*, 999 S.W.2d 906, 907 (Tex. App.—Waco 1999, no pet.); *Williamson v. State*, No. 03-12-00672-CR, 2013 WL 363677, at *1 (Tex. App.—Austin Jan. 25, 2013, no pet.) (mem. op., not designated for publication).

We therefore dismiss counsel's motion, abate the appeal, and remand the cause to the trial court. If the trial court determines that good cause exists for replacing counsel with substitute counsel, the trial court shall remove counsel and promptly appoint substitute counsel for the appeal of this cause. The trial court clerk is instructed to file with this Court no later than May 22, 2026, a record of the hearing as well as a supplemental clerk's record containing copies of the court's order appointing substitute counsel and the court's order allowing counsel's removal. *See* Tex. R. App. P. 34.5(c)(2), 34.6(d) (authorizing supplementation of clerk's and reporter's records). Upon our reinstatement of this appeal from abatement, our Clerk will notify appellant of his new briefing deadline.

It is so ordered April 28, 2026.


Before Justices Triana, Kelly, and Ellis

Abated and Remanded

Filed: April 28, 2026

Do Not Publish

2